**In re SOUTHERN LOUISIANA AREA RATE CASES.**

**AUSTRAL OIL CO. et al., Petitioners,**

v.

**FEDERAL POWER COMMISSION, Respondent.**

**No. 27492.**

United States Court of Appeals, Fifth Circuit.

June 16, 1970.

Lynn R. Coleman, J. Evans Attwell, Houston, Tex., for Austral Oil Co., Inc., Ray McDermott & Co., Inc. and Issac Arnold and others.

Richard F. Generelly, Shannon & Morley, Washington, D. C., C. R. Eyster, San Antonio, Tex., for Forest Oil Corp.

Robert L. Norris, Martin N. Erck, J. Kirbey Ellis, Houston, Tex., for Humble Oil & Refining Co. and Humble Gas Transmission Co.

Herbert W. Varner, Murray Christian, Houston, Tex., for Superior Oil Co.

Frank P. Saponaro, Jr., Carrol L. Gilliam, Washington, D. C., Robert D. Haworth, Tom P. Hamill, Houston, Tex., William H. Tabb, Dallas, Tex., for Mobil Oil Corp.

Cecil E. Munn, Fort Worth, Tex., for General American Oil Co. of Texas.

Kenneth Heady, Bartlesville, Okl., for Phillips Petroleum Co.

Richard F. Remmers, Oklahoma City, Okl., for Sohio Petroleum Co.

Thomas G. Johnson, New York City, for Shell Oil Co.

Sherman S. Poland, Washington, D. C., for Cities Service Co. and Atlantic Richfield Co.

Warren M. Sparks, Donald R. Arnett, Tulsa, Okl., for Gulf Oil Corp.

Stanley M. Morley, Washington, D. C., for Sun Oil Co.

Morton L. Simons, Washington, D. C., Kent H. Brown, Albany, N. Y., for Public Service Comm. of the State of New York.

John R. Rebman, Bartlesville, Okl., Edwin S. Nail, Tulsa, Okl., Paul W. Hicks, Dallas, Tex., William R. Slye, James D. Annett, Houston, Tex., William K. Tell, Jr., New York City, for Texaco, Inc.

Morton Taylor, Jack Fariss, Joseph F. Diver, Findlay, Ohio, for Marathon Oil Co.

Homer D. Johnson, William C. Charlton, Pampa, Tex., for Cabot Corp.

Robert W. Sayre, Philadelphia, Pa., for Amerada Petroleum Corp.

George E. Morrow, Memphis, Tenn., Reuben Goldberg, Charles F. Wheatley, Jr., Washington, D. C., for Municipal Distributors Group.

John Ormasa, Los Angeles, Cal., for Pac. Light Serv., So. Cal. Gas.

John E. Holtzinger, Jr., Morgan, Lewis & Bockius, Washington, D. C., for Associated Gas Distributors.

Jerome J. McGrath, Harry L. Albrecht, Washington, D. C., for Independent Natural Gas Asso. of America.

John E. Watson, Houston, Tex., for Tenneco Oil Co.

Justin R. Wolf, Joel Yokalem, Washington, D. C., for The California Co., a Division of Chevron Oil Co. and Union Texas Petroleum, a Division of Allied Chemical Corp.

Woollen H. Walshe, New Orleans, La., for The California Co., a Division of Chevron Oil Co.

Elliott G. Flowers, Houston, Tex., for Union Texas Petroleum, a Division of Allied Chemical Corp.

Donald K. Young, Robert W. Henderson, Dallas, Tex., for Hunt Oil Co. and others.

Morris Wright, New Orleans, La., for Estate of William G. Helis, a Partnership.

Tom Burton, Houston, Tex., for Continental Oil Co.

H. H. Hillyer, Jr., New Orleans, La., for J. R. Frankel.

Neal Powers, Jr., Cecil N. Cook, Houston, Tex., for Bradco Properties, Inc., E. Cochrell, Jr., Freeport Sulphur Co., John W. Mecam and others.

Clyde E. Willbern, Houston, Tex., for Getty Oil Co.

H. Y. Rowe, El Dorado, Ark., George C. Bond, Douglas C. Gregg, Los Angeles, Cal., Errol Anderson, Houston, Tex., for Union Oil Co. of California.

Phillip R. Ehrenkranz, Carroll L. Gilliam, Washington, D. C., for Alco Oil and Gas Co.

Louis Flax, Washington, D. C., for Southwest Gas Producing Co.

Raymond N. Shibley, Washington, D. C., James E. Thompson, Ardmore, Okl., Richard L. Schrepferman, James E. Bye, Barkley Clark, Denver, Colo., for Samedan Oil Corp.

Willard P. Scott, Lynn Adams, Oklahoma City, Okl., for Kerr-McGee Corp.

R. J. Leithead, Bartlesville, Okl., Cecil C. Cammack, Tulsa, Okl., for Cities Service Oil Co.

Carroll L. Gilliam, Washington, D. C., J. P. Hammond, T. C. McCorkle, Tulsa, Okl., for Pan American Petroleum Corp.

Richard Solomon, Gen. Counsel, Peter H. Schiff, Sol., Washington, D. C., for respondent.

## ON PETITION FOR REHEARING

Before THORNBERRY, COLEMAN and MORGAN, Circuit Judges.

PER CURIAM:

In our original opinion, 428 F.2d 407, we indicated that there was new evidence of a possible impending gas supply shortage. Our affirmance of the Commission's orders is structured so as to allow the Commission great flexibility in dealing with this problem. To this end, we indicated that the Commission had authority under section 16 of the Natural Gas Act to stay, modify or rescind any part of its order, notwithstanding our affirmance, if circumstances appearing since the issuance of the orders make a change advisable. Petitioners on rehearing, however, have argued to this Court that the Commission may exercise this power *prospectively* only; that is, petitioners argue that affirmance by this Court would preclude the Commission from reexamining revenues from gas that has already been delivered. We wish to make crystal clear the authority of the Commission in this case to reopen *any* part of its order that circumstances require be reopened. Under section 19(b) of the Natural Gas Act, this Court has the broad remedial powers that inhere in a court of equity, and pursuant to our equitable powers we make it part of the remedy in this case that the authority of the Commission to reopen any part of its orders, including those affecting revenues from gas already delivered, is left intact. The Commission can make retrospective as well as prospective adjust-

ments in this case if it finds that it is in the public interest to do so.

At the same time, we emphasize that our judgment is an affirmance and not a remand. The appropriate place for originally considering what parts of the orders must be reopened in light of new evidence is before the Commission. It may be that the Commission will decide that the refunds it has ordered are just and reasonable or at least that their significance to the public interest is outweighed by the confusion and delay that would result from their reopening. In this event, the Commission will allow its refund orders to stand as they are. Or it may be that the refunds are too burdensome in light of new evidence to be in the public interest. In that case, it is our judgment that the Commission shall have the power and the duty to remedy the situation by changing its orders.

In all other respects, the original opinion of this Court is the final disposition of this appeal.